## Kehl v. Kehl

*Dane Critchfield,* for plaintiff.
*Edna L. Fischer,* for defendant.

BROSKY, P. J., May 18, 1972.—On August 17, 1971, plaintiff filed a complaint in divorce from bed and board on the grounds of indignities. Plaintiff filed a petition for alimony pendente lite and counsel fees, but the matter was not heard by this court. Subsequently, on November 29, 1971, defendant filed a petition for partial custody of a child born to the marriage, viz., Kurt N. Kehl, who was then 11 years of age. After hearing, this court entered an order on February 11, 1972, decreeing that custody of Kurt N. Kehl shall remain with his mother, and child's father (defendant herein) shall have reasonable visitation rights.

On November 29, 1971, defendant filed "Preliminary Objections" to the complaint in divorce and alimony pendente lite and counsel fees, for the reasons the law does not permit a husband equal rights, and the law discriminates between the sexes and is, therefore, in violation of the Constitution of the United States and the Commonwealth of Pennsylvania.

On May 18, 1972, this court filed an opinion and

order in the case of Corso v. Corso, 612 July term, 1970, wherein this court held section 11 of the Act of May 2, 1929, P. L. 1237, 23 PS §11, unconstitutional.

This court also holds that section 46 of the Act of May 2, 1929, P. L. 1237, as amended by the Act of May 25, 1933, P. L. 1020, sec. 1, as amended by the Act of August 14, 1963, P. L. 1065, sec. 1, as amended by the Act of October 19, 1967, P. L. 451, sec. 1, 23 PS §46 Pocket Parts, is unconstitutional for the reasons set forth in Corso v. Corso, supra.

This court further held that according to the many cases both in the Federal courts and Pennsylvania courts cited therein, all actions pending in divorce, for bed and board, wherein no preliminary objections have been filed prior to May 18, 1972, shall be unimpaired.

In this instant case, the "Preliminary Objections" to the complaint in divorce from bed and board and alimony pendente lite were filed on November 29, 1971, and the opinion and order in the case of Corso v. Corso is applicable and controlling in this case.

Accordingly, this court will enter an appropriate order sustaining defendant's "Preliminary Objections."

## ORDER

And now, to wit, May 18, 1972, in accordance with the foregoing opinion, it is hereby ordered and decreed the "Preliminary Objections" filed by husband-defendant are sustained, section 11 of the Act of May 29, 1929, P. L. 1237, and section 46 of the Act of May 29, 1929, P. L. 1237, its supplements and amendments are hereby declared to be unconstitutional because they discriminate between the sexes, and are contrary to the constitutional amendment article I, sec. 27.